Spencer, J.
delivered the opinion of the court. The judgment below is supposed to be erroneous, because the justice admitted proof of the confession, by the maker of the note, when it was shown to him, that he had given if. *451 and that he owed the money, though there was a subscribing witness, not produced, and of whom no such account was given, as to induce a presumption that he was out of the state, or dead,
It appears, indeed, to be a technical rule in the English courts, not to allow the confessions of the party tobe evidence of the execution of sealed instruments, but to require the attendance of the subscribing witness, unless it appear that he cannot be procured.* 1 have not met with any adjudged cases before the revolution, in which this rule is laid down, and, therefore, think we are at liberty to decide this case on principle, and on the analogy it bears to other cases. It is a sound principle, that the voluntary oonfession of - a party are the highest evi dence, and in cases affecting life, and personal liberty, this rule is admitted and daily practised upon. It is another principle admitted in the case of abbot v. Plumbe,* that if the subscribing witness deny the execution of a deed, you may prove it aliunde. From these considerations, that we are unfettered by any positive adjudication anterior to the revolution, that the party’s own confession is the highest evidence, and that you may contradict the subscribing witness, I think it results, that an instrument, though attested by a subscribing.witness, may be proved by the confession of the party who gave it. Allowing evidence of confession, does not -touch upon the rule that requires the best evidence of which the nature of the case is susceptible. That rule means only, that inferior evidence shall not be given, when higher evidence is in the possession of the party,, or is presumed to be within his power. The confession of a party that he gave a note, or any instrument, precisely identified, is as high proof, as that derived from a subscribing witness. The notion, that the persons who attest an instrument, are agreed upon to be the only witnesses to prove it, is not conformable to the truth of transactions of this kind, and *452 to speak with all possible delicacy, is an absurdity. At nisijprius for some years past, the subscribing witnesses have been dispensed with, on proof of the confession of the party who gave an instrument. To allow such evidence is highly convenient, and produces no manner injury; nor can perjury on such a subject be apprehended. We are, therefore, of opinion, that the judgment must be affirmed.
Judgment affirmed.

 Doug. 216 217. Abbot v. Plumbe.

 Doug. 216.