### Fox and Payne *against* Reil and Reil.

THIS was an action of *debt*, on a bond, to which there was a plea of *non est factum*. At the trial of the cause, at the *Herkimer* circuit, in *June*, 1808, before the *Chief Justice*, the plaintiff offered to prove that the bond had been shewn to the defendants, a short time before the commencement of the present suit, and that they then confessed that they had duly executed the bond; but this evidence was objected to, and overruled by the Chief Justice. The plaintiffs, not being prepared to prove the bond, by the subscribing witnesses, or to account for their not being produced, were nonsuited.

*N. Williams*, for the plaintiff, moved to set aside the nonsuit. He contended, that according to the decision of this court in *Hall* v. *Phelps*,\* proof of the confession of the obligor was sufficient, without producing the subscribing witness. It is true, that case was on a promissory note, but the principle of that decision must be applicable to every instrument, sealed or unsealed, to which there are subscribing witnesses.

In *Abbot* v. *Plumbe*,† where it was proved that the obligor had acknowledged that he owed the debt, and it was objected that the subscribing witnesses ought to have been called, Lord *Mansfield* considered the objection as captious; and that it was a mere technical rule, which required the subscribing witness to be produced. The strictness of the ancient rule in this respect, has in several instances been relaxed in the *English* Courts. Where an instrument is executed abroad, or the subscribing witness resides in a foreign country, proof of his hand-writing is sufficient.‡ A confession of the party is higher evidence, than the testimony of a witness, who may know nothing, except that he signed his name to the instrument. If the subscribing witness should deny that he saw the deed executed, it may be proved by other witnesses.§ The rule

*Margin notes:*

Where there is a subscribing witness to a bond, proof of the confession of the obligor is not sufficient; but the witness must be produced, or in case he is dead or out of the state, his hand-writing must be proved.

\* 2 *Johns. Rep.* 451.

† *Doug.* 216

‡ *Doug.* 93. *Term Rep.* 265 & note. 1 *Bos & Pull.* 360. See also 4 *East*, 53. 2 *Bos. & Pull.* 35. *Peake N. P.* 30. *Term*, 366.
§ *Peake N. P.* 146. *Doug.* 216. 1 *Black. Rep.* 365.

laid down by this court in *Hall* v. *Phelps*, is not only a convenient, but a safe rule, for the evidence of the confession of the party must be full, clear and satisfactory.

*Gold*, contra. The case of *Hall* v. *Phelps*, was thought to be an innovation on the *English* rule of evidence. That was a suit on a promissory note; and in relation to unsealed writings, less strictness may, perhaps, be requisite. But the court will, no doubt, be cautious as to extending the rule to deeds. The relaxations of the ancient rule in *England* have not gone further, than to allow the proof of the hand-writing of the witness, where it is shown that he was absent in a foreign country, and beyond the reach of the party. Evidence of confessions is liable to abuse, and any greater relaxation of a salutary and established rule may produce more injurious consequences, than can well be foreseen.

KENT, Ch. J. delivered the opinion of the court. The question in this case is, whether proof of the acknowledgment by the defendants, out of court, and before some private person, that they had executed the bond, is good proof of its execution, upon the issue of *non est factum*, without producing the subscribing witness, or in any manner accounting for his absence.

The case of *Hall* v. *Phelps* has been thought to have decided this question. I do not consider it in that light. That case arose upon a promissory note, and this is upon a deed. The rules of evidence may be more safely relaxed in the one case than in the other. The parties may go into an inquiry as to the consideration of a note or other simple contract ; but a deed concludes them from such an inquiry. A deed is an act of much higher force and solemnity in the law. It carries with it internal evidence of a good consideration. A bond is not barred by the statute of limitations ; it has priority in the payment of debts by executors or administrators ; and, indeed, the whole real property of the country rests upon the evidence of title by deed. Some observations which were made when the opinion of the court was delivered in the case referred to,

apply to deeds as well as to simple contracts; but these observations must be considered as made by way of illustration, and not as immediately applicable to the case before the court, and do not, therefore, preclude a further discussion of this question. I concurred in that decision from a sense of the great inconvenience of the *English* rule, when applied to commercial paper, which circulates with equal facility and credit, without the incumbrance of a subscribing witness, and because I did not recollect a case in which the application of the rule requiring the subscribing witness, did not arise upon a specialty. We are not, therefore, at liberty to extend that decision to deeds, and, consequently, to all the assurances of real property. Here we are certainly concluded by an ancient and uniform rule, that when the defendant has not acknowledged his deed before a competent public officer, or has not expressly agreed to admit it in evidence upon the trial, but has put himself upon his plea of *non est factum*, the plaintiff must produce the subscribing witness, and give the defendant the benefit of an investigation of the circumstances attending the execution of the deed. It may be of use, for a moment, to examine some of the authorities on this subject.

In the early periods of the *English* law, the names of the witnesses were always registered in the body of the deed. They were selected from the best men in the neighbourhood; and if the deed was denied, they formed a necessary part of the jury, who was to try its validity. This rule continued, until the statute 12 *Edw.* II. c. 2. allowed the inquest to be taken, without any of the witnesses being associated with the jury; but they were still to be summoned as usual. " It is agreed," says the statute, " that when a deed, release, acquittance, or other writing, is denied in the king's court, wherein the witnesses be named, process shall be awarded to cause such witnesses to appear, as before hath been used." The practice of joining the witnesses to the jury, continued throughout

NEW-YORK,
Nov. 1808.

Fox
v.
Reil.

the reign of *Edw.* III. and *Fortescue*, (*de Laud. Leg. Ang.* c. 32.) mentions it as existing in the reign of *Hen.* VI. It gradually fell into disuse, and ceased about the time of *Hen.* VIII. and until that period, the process to bring in the witnesses, upon the denial of a deed, continued, of which numerous instances are collected from the *Year Books*, by *Brooke.* (Tit. *Testmoignes.*)

When, therefore, the ancient law required the witnesses to a deed to form part of the jury, and continued down to the time of *Hen.* VIII. to compel them to come in, by similar process as that awarded for the jury, (see *Reg. Brev. jud.* 60. and *Thesaurus Brevium,* 88.) it cannot be supposed that the notion of proving a deed, by the confession of the party, *in pais,* was ever thought of or admitted.

Under *Hen.* VI. it was held, that if a deed be acknowledged and enrolled of record, the party was estopped to plead *non est factum;* but the case assigns a very sufficient reason for this, because, as was observed, upon every deed enrolled, the party shall be examined, and the deed shall be read to him by the court, and it is not to be supposed that the party has been deceived. (*Year Book, Hil.* 9 *Hen.* VI. pl. 8.)

In the case of *Smartle* v. *Williams,* (1 *Salk.* 280.) the court of K. B. after debate, went, perhaps, a little further, and held that the acknowledgment of a deed by the party in a court of record, *or before a master in chancery in the country,* was good evidence of the execution of a deed, and such an acknowledgment estopped the party from relying on the plea of *non est factum.* In the subsequent case of *Dillon* v. *Crawley,* (12 *Mod.* 500.) the court of K. B. determined that an indorsement upon a bond made by the obligor under *his hand and seal,* three years after the date of the bond, and in which indorsement he recited part of the bond, and expressly owned it to be his deed, was evidence of the execution of the deed. But upon the argument of this case, the counsel for the defendant referred to a decision, where upon *non est factum*

pleaded to a bond, one of the witnesses did not appear, and it was offered to be proven that he owned it his bond, but this was denied.

I have not met with any case, where the absence of the subscribing witness was not accounted for, in which the courts have allowed in evidence any species of confession by the party, which was inferior in its nature and less solemn in its form than that in the instance to which I have alluded, and I take it for granted that there is no such case. To admit the proof in the case before us, would be an innovation upon an established rule, and one which is not urged upon us by any strong considerations of public policy.

We are, accordingly, of opinion, that the motion on the part of the plaintiff must be denied.

Rule refused.