By the Court :
The plaintiff relied upon a written contract, or lease in writing not under seal, as the foundation of his action. By his plea, the defendant put the fact of executing, or making the writing in issue, and the plaintiff to prove it, offered the confessions of the defendant in evidence, without calling the subscribing witness, or accounting for his omission to do it. The court overruled the evi *41 dence, and this motion is now made, upon the ground that in so overruling it, the court erred.
*No rule of evidence is better established than that which requires the subscribing witness to a written instrument to be produced when its execution is put in issue, and is to be tried. Or if he can not be produced, to show some legal reason why this is impracticable, as a foundation for the admission of secondary evidence. The plaintiff’s counsel rely upon the case of Hall v. Phelps, 2 Johns. 451, as establishing and sustaining a different doctrine. It is unnecessary to say how far we should be governed by that case as an authority, did we consider it full in point, because we do not so consider it. In a subsequent ease, decided in the same court, Fox v. Reil, 3 Johns. 477, the same question again came up, and the grounds of the first case, and the extent of the decision, are examined and explained in such manner as much to weaken its authority. Hall v. Phelps was a case upon a promissory note; Fox v. Reil was debt upon a bond. In the latter case, the confessions were rejected, and in giving the opinion of the court, Kent, Chief Justice, states distinctly, that he concurred in the decision in Hall v. Phelps, upon the ground that it was a case of commercial paper, and that the English rule was exceedingly inconvenient, when applied to that description of written obligations. He says he recollects no case where it was ever applied to a specialty.
The case before us is not a specialty, but it is not, nor does it bear any resemblance to commercial paper. It is a contract in relation to the realty; it conferred upon the lessee a qualified interest in land, and the solemnities of execution are in their nature as important as the execution of a bond for the payment of money, or of any specialty, short of a deed for the conveyance of land. It is a ease much more strongly assimilated to that of Fox v. Reil than that ot Hall V. Phelps, and we are of opinion that it falls within the rule of the latter case.' The evidence was properly rejected, and the motion for a new trial must be overruled.