## HENRY and EMOTT *vs.* BISHOP.

THIS was an action of covenant, tried at the Washington circuit, in June, 1827, before the Hon. REUBEN HYDE WALWORTH, then one of the circuit judges.

The action was brought for the recovery of $200, stipulated damages for the non-performance of covenants.   On the trial of the cause, Zebulon R. Shipherd, Esq. whose name, together with that of two other persons, appeared as subscribing witnesses to the instrument declared on, testified that he saw the defendant execute it ; that he saw the other subscribing witnesses subscribe their names as such witnesses ; that he executed it himself as the attorney of the plaintiffs ; that the instrument hath ever since its date been in his

*An instrument under seal, to which is affixed the name of a subscribing witness, can be proved only by such witness, unless it appear that his attendance cannot be procured.*

*A person present at the execution of the instrument who does not then, but subsequently affixes his name as a witness, is not a subscribing witness within the reason of the rule ; and his testimony cannot be received, it appearing that there were witnesses who did subscribe their names at the time of the execution.*

possession; and that after the period for the performance of the defendant's covenant, the defendant stated to him his inability to comply with the same, and requested him to obtain the plaintiffs' consent to release him from his covenant. He further stated, that he did not subscribe his name as a witness at the execution of the instrument, but that he had done so since the trial had been called on.

The counsel for the defendant objected to the sufficiency of the proof, the absence of the subscribing witnesses not having been accounted for. His honor, the presiding judge, said he should receive the proof subject to the opinion of this court on a case to be made; and the jury, under his direction, found a verdict for the plaintiffs, which was now moved to be set aside.

*Z. R. Shipherd*, for plaintiffs.

*S. Stevens*, for defendant, who cited 1 *Phil. Ev.* 411, 12, 13; 4 *East*, 53; 4 *Campb.* 232; 4 *Taunton*, 225, 6.

*By the Court*, SAVAGE, Ch. J. In England a written instrument, whether sealed or not, must be proved by the subscribing witness, if there be one, and his attendance can be procured. In this state, the rule has been relaxed as to instruments not under seal, (*Hall* v. *Phelps*, 2 *Johns. R.* 451;) or at least in regard to negotiable paper. (16 *Johns. R.* 201.) In the first of these cases, Spencer, justice, says, " The confession of a party that he gave a note, or any instrument precisely identified, is as high proof as that derived from a subscribing witness. The notion that those who attest an instrument are agreed upon to be the only witnesses to prove it, is not conformable to the truth of transactions of this kind, and to speak with all possible delicacy, is an absurdity." This remark is perfctly just, not only as regards notes, but instruments under seal; but the old rule has been adhered to by this court in regard to sealed instruments, notwithstanding what was said in the case of *Hall* v. *Phelps*. The only question, therefore, which we are now at liberty to discuss is, whether Mr. Shipherd was a subscribing witness? So long as we retain the rule, we must preserve the reason assigned

for it, to wit, that the witnesses who subscribe at the time of the execution, are agreed upon by the parties to be the only witnesses to prove it, although this reason is repudiated in relation to instruments not under seal. Mr. Shipherd was present at the exección of the instrument; he executed it as the attorney for one of the parties; he has had the possession of it ever since; and the defendant has confessed to him the execution of it since, yet he cannot be admitted to prove it. Any other person to whom the defendant had made the same admission might also subscribe the instrument, and thus the rule be evaded. Such is the necessary conclusion from an adherence to the rule, which I confess always appeared to be an absurdity. But it has been so long adhered to, that it can be changed only by legislative enactment. According to this rule, a new trial must be granted, that the plaintiffs may produce a subscribing witness.