Opinion of the court, by
Judge Wood :
The 'bill of exceptions shows that the facts assumed in the several assignments of error occurred on the trial, although the evidence was objected to by the plaintiff’s counsel. The court of common pleas are supposed to have erred, and we are called upon to reverse their proceedings.
The first inquiry, in the order in which the several questions are presented in the record, is, whether the person whose name is forged is a competent witness to prove the forgery, without the subscribing witness is first called, or his absence accounted for?
*118 The reason of the rule requiring the execution of deeds and other instruments to be proved by the subscribing witnesses, as given in the books, is, that they are presumed to be better acquainted with the circumstances that transpired at the time; *and not only so, but, by selecting them as witnesses to their transactions, the parties mutually agree to resort to them for the proof, and, unless these channels are closed by events not within the control of the parties, through them the evidence must be adduced. This rule was departed from in Hall v. Phelps, 2 Johns. 451, which was a case on a note; but it is now well settled, whatever may be the instrument. Hagland v. Sebring, 2 South. 103; Henry v. Bishop, 2 Wend. 575; Zerby v. Wilson, Pet. Cond, 462.
But to what class of cases is this principle to be applied ? Certainly not to the one now before us. In a case arising between the parties to such an instrument, having a subscribing witness, and where the obligor, being interested, is excluded from testifying, the rule is a good one, which requires such witness to prove its execution. The' person whose name is forged, can not be supposed to have selected a subscribing witness to prove that he executed an instrument, and the circumstances attending the execution ; because the very fact of forgery proves that he had no knowledge of the making of it. When the obligor is competent, he must be the best witness of which the case will admit; and the subscribing witness need not, in such case, be called, for ratione cessante, cessat ipsa lex.
2. Was the supposed maker of this note a competent witness, od the trial, to prove the forgery?
In England, formerly, on a conviction for forgery, the forged instrument was condemned, and ordered to be destroyed; hence a party who would, if the instrument had been genuine, have had an interest in its destruction, either because he would have been liable on it, or because it would have barred his claim against another, was regarded as a competent witness, since the proof against him, at all events, was rendered much more difficult by a conviction. 2 Stan. Ev. 581. The objection to competency, has survived the practice on which it was founded; and the rejection of witnesses on this ground has been considered an anomaly, for it is certainly irreconcilable with the general principles now established on the subject of interest. Id. 581. In note 1, it is said, on *119 the same page, that the English rule that excludes a party whose signature is alleged to be forged, from testifying in support of an indictment for the forgery, is adhered to in Connecticut, Yermont,. and North Carolina; but in New Hampshire, Massachusetts, and Pennsylvania, he is held to be ^competent, as in other analogous cases. In New York, in 1794, the English rule was adopted; but, in The People v. Howell, 4 Johns. 296, Chief Justice Kent says: “Since that time, the question of interest in a witness has-been examined and defined with more precision, both in England and New York, and the exclusion of the party in the case of forgery has become an anomaly in the law of evidence; and it would seem to be fit ánd proper that the rule should no longer he applied.”
Different decisions have been made, it is said, in different circuits in this state; and to produce a uniformity of decision on a question so important to the administration of criminal justice, consistent with the general analogies of the law, it is necessary the case should be determined in this court.
The rule which rejects the supposed obligor as incompetent to testify, is condemned by both Starkie and Phillips. However it may be elsewhere, in this state the supposed maker has no interest in the event of the prosecution for the forgery of the instrument. The instrument is, in no event, destroyed. If sued on such note, the person whose name is forged could not avail himself of a conviction, produced in whole or in part by his own testimony, to avoid its payment. The conviction would be no bar to such suit. 2 Stan. Ev. 184.
We are, therefore, of the opinion that the person whose name is forged is a competent witness to prove the forgery.
3. Was it error in the court of common pleas, that it did not direct the subscribing witness to be called, to testify whether the note was genuine or a forgery ?
This point is easily disposed of. It is no cause for error, that the court did not direct other testimony to be called. It was optional with the state to improve all or only a part of its witnesses, at its pleasure; and if the plaintiff in error were desirous of availing himself of the evidence of the subscribing witness, and if there were such a person in esse, the law had provided the means by which such testimony could be obtained.
The judgment of the common pleas is affirmed, with costs.