Reese, J.
delivered the opinion of the court.
One of the attesting witnesses' to the paper produced in this case for probate as a will, upon the issue of devisavit vel non, resided within the state of Illinois, — and the question is —whether the circuit court erred in receiving evidence of his handwriting? The act of 1789, c 23, requires that all the attesting witnesses, if living, shall be produced upon the trial of such issue, if to be found.
This court, in a case reported in 5 Yerger’s Rep. 307,* decided that the return of a subpoena by the proper officer, “that the witness couldjiot be found,” was a sufficient com *97 pliance with the act of Assembly. This is to be understood as applying to a case, where the witness was not shown to be, or to have a residence in any other county within the state. We do not understand, that if, at the trial, it be established by proof, that the witness is resident in another state, or in a foreign country, and so without the jurisdiction of the court, the issuance of a subpoena and the return of an officer are necessary. The only change produced in the common law, by the act of 1789, c 23, is the' requirement of all the living witnesses to be found within the jurisdiction of the court. When the attesting witnesses to a deed, will or other instrument, reside without the jurisdiction of the court in another state or foreign country, the secondary proof of handwriting is admissible. To transmit original documents from Maine to Louisiana, or from Tennessee to Calcutta, documents, in which, frequently others, besides the parties litigant, may be deeply interested, for the purpose of being proved by attesting witnesses, aside' from the delay inconsistent with the speedy decision of causes, would so imperil the loss of the instruments themselves, that such a practice would not be tolerated. This is determined in the case of Stump vs. Hughes, 5 Haywood, 93, where the case in 1 Ten. Rep. 487, is expressly referred to and overruled. And this principle is sustained by the English courts and by almost all those' of the United States. We feel satisfied that the judgment of the circuit court was correct.
1. .Note. See numerous cases which have been decided upon the riilfe of thé common law, requiring the production of subscribing withéáées to protfé? áh instrument, and the exceptions to it collected and classed by Mr. Day in his note to Call vs. Dunning, 5 Esp. C. 16, and 4 East, 53, and by Mr. Greenleaf, in a note to Whittimore vs. Brooks, 1 Greenleaf, 57; and by Mr. Johnson in a note to Sluby vs. Champlain, 4 John. Rep, 667. To which may be added, Eaton vs. Campbell, 7 Pick. 10, that it is unnecessary to produce a subscribing witness, when the proof of a deed is by an office copy; Henry vs. Bishop, 2 Wendell, 575, affirming the general rule and admitting the exception founded on the impossibility of producing the subscribing witness, and deciding that where there were witnesses who subscribed at the time of the execution, the testimony of one who subscribed afterwards cannot be received; Lush vs. Drew, 4 Wendell, admitting the exception founded on the death of subscribing witnesses, and their being beyond the jurisdiction; Jackson vs. Chamberlain, 8 Wendell, 620, that the absence of subscribing witnesses is sufficiently accounted for to let proof of handwriting, by proof that one of them had removed from the State thirty years before the trial, and that the others had not been heard of for thirty-seven years; Bell vs. Cowgell, 1 Ashmead, 7, that where a subscribing witness becomes incompetent by becoming special bail for the defendant, his handwriting may be proved; Jackson vs. Vail, 3 Wendell, 125, that the contents of a lost deed may be proved by parol, but not if the party know who were the subscribing witnesses; Jones vs. Corprileo. 1 Blackford, 47, that if the attesting witness to a bond should reside in another state, it will be received in evidence on proof of their handwriting; and Morgan vs. Morgan, 23 Eng. Com. Law, R. 306, that where, after sufficient enquiry, an attesting witness cannot be found, his handwriting may be proved, though a letter, not disclosing his retreat, had been received from him a few days before the trial.
*97 Let the Judgment be affirmed.
See also Fox vs. Reil, 3 J. R. 470, where, the distinction between special and simple contracts, as to this doctrine, is considered by Kent C. J.
2. The act of 1831, c 90, § 10, provides “that where all the subscribing witnesses lo a deed, or other instrument are dead, or reside beyond the limits of this state, it may be proved by any two persons acquainted with the handwriting of the person who executed the same, which facts, together with the probate, shall be certified on said deed; and when all the subscribing witnesses are dead, except one, or all reside out of the state except one, said witness may prove the execution of the deed, provided, the handwriting of the other witness or witnesses, be proved by some other person.”
3. In Bethell vs. Moore, 2 Dev. & Bat. 311, the supreme court of North Carolina decided that evidence of the handwriting of attesting witnesses to a will was admissible upon proof that they all resided beyond the limits of the state. They said that the expression “if to be found” is not to be construed literally. It admits of exceptions, where the witnesses are incompetent, or their attendence caunot be compelled. The reason in such cases is the same as if the witnesses were dead. The provision of the statute is but an adoption of the rule previously existing in England, upon the probate of a will upon an issue outoi chancery, on which it is necessary to examine all of the witnesses, because the heir is considered as having a right to his ancestor’s testable capacity and intention, from every one of those whom the statute calls around the testator, as guards against fraud on him, and imposition on those who would legally succeed to his estate. But several exceptions have been established. The insanity of one of the witnessess excuses the non-production of him, Bernett vs. Taylor, 9. Ves. 382. So if the witness be abroad, or otherwise not amenable to the jurisdiction of the court. Carrington vs. Payne, 5 Ves. 404, and Wood vs. Slade, 8 Price, 613, in 3 Eng. Exchq. R. 478; Hampton vs. Garland, 2 Haywood, 147; Crowell vs. Kirk, 3 Dev. R. 355. To these authorities cited by the court, add Powell vs. Cleaver, 2 Bro. C. C. 504; Fitzherbert vs. Fitzherbert, 4 Bro. C. C. 231, where, upon a bill to establish a will, infants being concerned, it was said by the Master of the Rolls there must be a commission to examine an absent witness.

McDonald vs. McDonald.