By the Court, Bronson, J.
When there has been a submission to arbitration under the statute, judgment may be rendered on the award, “ upon such submission being proved by the affidavit of a subscribing witness thereto, and upon the award made in pursuance thereof being proved in like manner, or by the affidavit of the arbitrators.” (2 R. S. 542, § 9.) A *305 subscribing witness is one who was present when the instrument was executed, and who at that time subscribed his name to it as a witness of the execution. (Henry v. Bishop, 2 Wend. 575.) The witness need not be present at the moment of execution. If he is called in by the parties immediately afterwards, and told that it is their deed or agreement, and requested to subscribe his name as a witness, that will be enough. The execution by the parties, and the subscribing by the witness, are then considered as parts of the same transaction. (Parke v. Mears, 3 Esp. R. 171, 2 Bos. & Pull. 217, S. C.; Powell v. Blackett, 1 Esp. R. 97; Lesher v. Levan, 2 Dall. 96; Grellier v. Neale, Peake's Cas. 146; Munns v. Dupont, 3 Wash. C. C. Rep. 31, 42; and see per Lawrence and Chambre, Js., in Wright v. Wakefield, 4 Taunt. 220.) But although the witness was present at the execution, if he did not subscribe the instrument at that time, but did it aftérwards without the request of the parties, he is not a good attesting witness. He may prove the instrument if there was no attesting witness, because he saw it executed, and there is no better evidence of the execution. But if there was a subscribing witness at the túne, he must be called. (Henry v. Bishop, 2 Wend. 575 ; Me Craw v. Gentry, 3 Camp. 232.) These distinctions may be enforced by considering the reasons for requiring the subscribing witness, to the exclusion of all other modes of proving the instrument. He must be called, if within the reach of process, because he may be able to state the time of the execution, and other material facts attending the transaction, which may not be within the knowledge of any other witness ; and for the further reason, that he is the person selected and agreed on by the parties as the witness of their act in making the instrument, with the attending circumstances. (Henry v. Bishop, 2 Wend. 575; 1 Phil. Ev. 464, 5, and notes by Cowen & Hill, 1261,2; 1 Stark. Ev. 371, ed. of ’42; Greenl. Ev. 604.) Proof of the confession or acknowledgment of the party that he executed the instrument, will not be received as a substitute for the testimony of the subscribing witness. (Fox v. Reil, 3 Johns. 47 ; Abbot v. Plumbe, Doug. 216; Cunliffe v. Sefton, 2 East, 183; Laing v. Raine, 2 Bos. & Pull. 85; *306 Jones v. Brewer, 4 Taunt 46.) Lord Kenyon refused to receive the acknowledgment of the person who executed the deed, though made in his presence, in court, and on the trial where the deed was to be used. (Johnson v. Mason, 1 Esp. R. 89.) The execution of the deed cannot be proved by one of the parties to it. The subscribing witness must be called. .(Rex v. Inhab. of Harringworth, 4 Maule & Sel. 350; Willoughby v. Carleton, 9 Johns. 136.) And he must be produced, although the defendant has admitted the execution of the instrument in his answer to a bill of discovery. (Call v. Dunning, 4 East, 53.) I have never supposed that the decision in Jackson v. Phillips, (9 Cowen, 94,) so far as relates to the proof o'f the lease between Yost and Barnes, could be supported upon principle ; nor am I able to reconcile it with the subsequent decision in Henry v. Bishop, (2 Wend. 575.) This case asserts the doctrine that no one is an attesting witness who did not subscribe his name as such at the time the instrument was executed. Doing so upon a subsequent confession or acknowledgment by the parties will not answer. He is not then a witness of the execution; but of a conversation about the execution. He cannot speak of the attending circumstances at the time the instrument was made; nor is he the person agreed on by the parties to witness the transaction.
Now in this case, the name of Avery appeared upon the submission bond as an attesting witness, and his affidavit fully proved the execution of the instrument. But he neither says, in general terms, that he was a subscribing witness, nor that he subscribed at the time of execution. He says, the name of Avery to the bond “ is of the proper hand-writing of this deponent.” That may be true, although the name was only affixed the moment before, and without the request or knowledge of the obligor in the bond. This judgment was recovered by a summary proceeding, and the requirements of the statute should have been strictly complied with. But the objection to the affidavit was of such a nature that it might be waived. Hollenbeck not only had notice of the motion for judgment, but he made á cross motion to vacate the award; and it does not ap *307 pear that he made any question upon the sufficiency of the moving papers. For aught we can see, he admitted that there was no formal defect in those papers, and rested his opposition upon other grounds. Where the party brings error upon such an objection as is now made to this affidavit, he should take care to have it appear that the question was made in the court below. The best course of proceeding would be for the party to submit his objections in writing; and on bringing error, the objections would then be certified and returned with the other papers relating to the application. (2 R. S. 543, § 15 to 17.) As it does not appear in any form that an objection was taken in the court below to the moving papers, it is but a reasonable intendment in support of the judgment that the opposition to the motion was placed upon other grounds.
The like answer may be given to the like objection to the affidavit of Fay, who proved the execution of the award by the arbitrators. There is a further objection raised to this affidavit, that the witness did not see Slosson, one of the arbitrators, sign the-award. The name of Slosson appears to have been first signed to the award, and under it stand the names of Camp and Wallis, The witness saw the signing of the two last, but not of the first. The case seems to be this. Slosson signed, and then the witness came in, and saw the signing of the two others. Slosson thereupon acknowledged his signature to the witness, and requested him to subscribe his name as a witness, which was done. Upon this state of facts, Fay was a good attesting witness.
Under the ita quod clause in the submission, a copy of the award should have been ready to be delivered to each of the parties; and HoIIenback objects that it does not appear that a copy was ready for him. It does not appear that he made this objection in the court below. And besides, he stated in his own papers that the arbitrators made an award.
The objections which were raised on the motion of HoIIenback to vacate the award, so far as they were of any force, were sufficiently answered by the papers of Fleming.
Judgment affirmed.