## Case No. 12,383.

### SAVAGE v. D'WOLF.

[1 Blatchf. 343.] [1]

### Circuit Court, S. D. New York. Oct., 1848.

EVIDENCE — SECONDARY—SUBSCRIBING WITNESS—UNSEALED INSTRUMENTS—PRESUMPTION WHEN EXECUTED ABROAD—NEW TRIAL.

1. Proof of the admission by a party of the execution of negotiable paper, or proof of his hand-writing, without producing or accounting for the subscribing witness, has, in New-York, been held sufficient.

[Cited in brief in Barry v. Ryan, 4 Gray, 524.]

2. But whether this rule extends to all un-sealed instruments, quere.

3. If the instrument was executed abroad, as in Cuba, the presumption of law is that the subscribing witness is beyond the jurisdiction of the court here.

4. Where a written instrument was admitted in evidence as an original paper, on the assumption and belief, without question, that it was such, and it appeared by the evidence that that conclusion was not warranted: Held, that a new trial should be granted.

This was an action [by William Savage against Julia L. D'Wolf, executrix, etc., of James D'Wolf] upon three promissory notes made by the defendant's testator to the plaintiff, and amounting, with interest, to $34,554-17, tried before Mr. Justice NELSON, at New-York, in November, 1847. The notes were given at Havana, in the island of Cuba, in consideration of an agreement on the part of the plaintiff to discharge three mortgages up-on certain coffee and sugar estates in that island, amounting nominally to a sum ex-ceeding $80,000. It was a part of the agreement that the notes should remain in the hands of a third person in escrow, until the several mortgages should be discharged of record. On the trial, the court having decided that the possession of the notes by the plaintiff was prima facie evidence that the condition upon which he was to receive them had been complied with, the defendant undertook to rebut this presumption by proof that the mortgages had not been discharged, and that the notes had therefore been wrongfully de-livered up to the plaintiff. For this purpose she offered in evidence the contract under which the notes in question were given, which was in writing, but not under seal,

and purported to have been executed in Ha-vana by the defendant's testator in person, and by the plaintiff through his agent, at even date with the notes. There were subscribing witnesses to the execution of the contract. The hand-writing of the parties was proved, but the testimony of neither of the subscrib-ing witnesses was produced, nor was their absence accounted for or the hand-writing of either of them proved. There was also evidence of the admission of the plaintiff that the instru-ment was executed by his agent. The court ad-mitted the contract in evidence under the plaintiff's objection. Another inst.ument was offered in evidence by the defendant, for the purpose of showing that the condition upon which the notes were given had not been com-plied with. This was a release or discharge of the three mortgages, executed by the plaintiff a short time before the suit was brought, which the defendant's testator refused to ac-cept, as not being a sufficient compliance with the terms of the agreement. It was claimed by the defendant that this fact raised an im-plication that no satisfaction or discharge of the mortgages had been before made, and that, as the one so offered was insufficient and unsatisfactory, the condition had not been complied with, and the notes were im-properly in the hands of the plaintiff. The defendant's counsel at first produced a copy of the release which had been tendered, and undertook to account for the non-production of the original. But, before the evidence on this point was through, the adverse counsel produced a paper which was supposed and believed at the time to be the original itself, and to be identified by an original entry of the tender on the back of it, made by the wit-ness to the tender, and was, on that ground, admitted in evidence. The jury found for the defendant, and the plaintiff now moved for a new trial, on a case.

Hiram Ketchum, for plaintiff.

Francis B. Cutting, for defendant.

NELSON, Circuit Justice. There is some difference of opinion between the judges, up-on the question whether the agreement under which the notes were given was properly ad-mitted in evidence, on proof of the hand-writ-ing of the parties and of the admission made by the plaintiff, without further accounting for the subscribing witnesses. The paper having been executed abroad, the presump-tion of law was, undoubtedly, that the wit-nesses were beyond the jurisdiction of the court. But their hand-writing was not prov-ed, nor was the omission to do so properly accounted for. Proof of the admission by a party of the execution of negotiable paper, or proof of his hand-writing, without producing or accounting for the subscribing witness, has, in New-York, been held sufficient. Hall v. Phelps, 2 Johns. 451; Fox v. Reil, 3 Johns. 477; Shaver v. Ehle, 16 Johns. 201; Henry v. Bishop, 2 Wend. 575. But, whether this

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

rule extends to all unsealed instruments, may admit of some doubt.

Upon another ground, however, the verdict should be set aside, and a new trial granted. There is some obscurity in the case in respect to the facts connected with the admission in evidence of what was claimed to be the release or discharge tendered to the defendant's testator. But, it is at least questionable, whether the instrument produced and identified at the trial was the original, or only a copy with the endorsement of the fact of the tender. It may be, and probably is, the fact, as stated by the plaintiff's counsel, that the witness made the endorsement upon a copy as well as upon the original paper tendered, and that it was the copy that was produced and admitted in evidence. The belief that the paper produced was the original seems to have been rather an inference of the court from there being on it the endorsement in the hand-writing of the witness to the tender, than the result of any direct proof of the fact. The conclusion, however, seems hardly to have been warranted.

It is quite apparent that both parties entered upon the trial without proper preparation. All the material facts were capable of the most satisfactory proof. The execution of a commission to take testimony in Cuba, where the contract was made and the witnesses resided, and where, if at all, the condition was complied with before the delivery of the notes to the plaintiff, would have removed every embarrassment. This course should be taken before the cause is again presented to the court.

New trial granted.

---

SAVAGE (HALL v.). See Case No. 5,944.

SAVAGE (UNITED STATES v.). See Case No. 16,225.

SAVAGE (WILDES v.). See Case No. 17,-653.

SAVAGE MIN. CO. (THORNBURGH v.). See Case No. 13,986.

SAVALOFF (UNITED STATES v.). See Case No. 16,226.