### GRIFFIN STORY *v.* THOMAS LOVETT and another.

The rule that the execution of an instrument must be proved by the subscribing witness, if there be one, living, competent to testify, and within the jurisdiction of the court, is inflexible. The oath of the grantor, obligor, or mortgagor, cannot be substituted.

THE plaintiff in this action, claiming to be a mortgagee of personal property, sued the defendants, one of whom was a constable, and the other a judgment creditor of the mortgagor, alleging a conversion of the property by them, in levying upon and selling it under an execution.

The cause was tried in the sixth district court. The mortgage was produced, and the mortgagor testified that it had been executed by him. The execution was in the presence of a subscribing witness, who was not called. The testimony was objected to, and taken subject to exception.

Judgment was given in the court below in favor of the plaintiff for the value of the property. The defendants appealed.

*W. C. Carpenter* and *Henry C. Towner*, for appellants.

*Chauncey Shaffer*, for respondent.

BY THE COURT. WOODRUFF, J.—The rule that the execution of an instrument must be proved by the subscribing witness, if there be one, living, competent to testify, and within the jurisdiction of the court, is inflexible. The adverse party has

an undeniable right to require him who offers the instrument in evidence, to call the person who was chosen to attest the fact of the execution, that he may, by cross examination, elicit all the attending circumstances. The oath of the grantor, obligor or mortgagor, cannot be substituted. (*Hollenback* v. *Fleming*, 6 Hill, 303; *Henry* v. *Bishop*, 2 Wend. 575; 2 Greenl. Ev. § 569.)

It would not be difficult to assign other reasons why the plaintiff was not entitled to recover on the case exhibited at the trial, but the above is a sufficient reason for reversing the judgment.

*The judgment must be reversed.*