## Lyon and others *vs.* Smith.

The formalities necessary to the due execution of a will depend wholly upon statutory regulations; and as the statute now in force does not require the attestation to be in the presence of the testator, it is no longer necessary that the subscribing witnesses should sign it in his presence.

Accordingly, where the attesting witnesses saw the testator sign the will, and were requested by him to sign it as witnesses, and they subscribed it, not in the immediate presence of the testator, but in an adjoining hall; *Held* a sufficient attestation.

This was an appeal from the decision of the county judge of Tioga county, establishing the validity of a paper propounded as the last will and testament of Benjamin Smith, deceased. The facts will be found sufficiently stated in the opinion of the court.   The cause was argued by

Lyon *v.* Smith.

*J. J. Taylor,* for the appellant.

*Mr. Davis,* for the respondent.

*By the Court,* SHANKLAND, J.   The two important questions arising in this case are, First. Whether the three subscribing witnesses to the will propounded, or any two of them, were requested to subscribe as such, by the testator ; and second, whether it was necessary that such witnesses should subscribe in the actual or constructive presence of the testator, in order to satisfy the statute.

These questions have been ably discussed by the respective counsel, and all the authorities bearing on the questions, cited and examined.   The facts bearing on the first question are, that Boardman, one of the subscribing witnesses, who drew the will, is a non-resident of the state, and was not examined; but Edwin H. Schoonhoven, another of the subscribing witnesses testified, that Boardman, after reading or explaining the will to the testator, asked him " whether he wanted us to sign it as witnesses? and he said Yes.   Boardman named myself, my sister, and himself."   The three persons thus named attested the execution. The sister of the last witness, who also attested the will, does not recollect of the request being made in the room where the testator lay sick ; but thinks she was requested to subscribe by Boardman, in another room.   But, if this were so, it does not contradict the fact sworn to by Schoonhoven, that he and Boardman were requested to subscribe by the testator personally.   If two of the attesting witnesses became such at the testator's request, it is sufficient, although a third attested without such request.   The statute requires but two witnesses.   It was not necessary to call Boardman as a witness, inasmuch as he had become a resident of another state.   (2 *R. S.* 58, § 13.)

Both of the attesting witnesses who were examined, saw the testator sign the will ; and both swear that it was read over to him, and that he declared it was as he desired it.

But the appellant's counsel contends that the subscribing witnesses did not attest, or subscribe as witnesses, in the pres-

ence of the testator, but did it in an adjoining hall, and out of the sight of the testator; and that they are not therefore attesting witnesses within the meaning of the statute. (2 *R. S.* 63, § 40.)

It is somewhat singular that this question has not been judicially settled in the twenty years which have elapsed since the revision of the statute on the subject of wills. For, with the exception of a *dictum*, to be found in *Butler* v. *Benson*, (1 *Barb. S. C. Rep.* 530,) no case has been found reported upon the subject; and on a personal inquiry of Chancellor Walworth, he informed me that he had no recollection of the question having been raised or decided by him.

The English statute, and all the revisions of our statutes prior to 1830, expressly required the subscribing witnesses to a will to become such, by attesting and subscribing in the *presence of the testator.* But in the revision of 1830 (2 *R. S.* 63, § 40,) the clause requiring it to be subscribed in the presence of the testator, was omitted by the legislature, although the revisers had reported the section with those words contained in it. (*See Revisers' notes*, 3 *R. S.* 627, §§ 5, 6.) The omission of that clause by the legislature, under the circumstances above mentioned, is a pretty clear indication of an intention to change the law in that particular. The late Chancellor Kent (4 *Com.* 514, 5,) notices this change in the language of the statutes, and clearly infers, that it is no longer necessary that the act of attestation should be in the presence of the testator.

It is doubtless a necessary requisite of an attestation to any instrument, that the witness subscribe at the time of the execution, or acknowledgment thereof, and with the knowledge and consent of the one who executes the instrument; (2 *Wend.* 575. 6 *Hill*, 303;) but I know of no decision, or principle of law, which requires the attesting witness to *subscribe* in the *presence* of the party who executes, except where it is expressly required by some statute. I consider the rule to be well and properly settled, that when a statute is revised, and some parts of the old are *omitted*, the parts omitted are not to be revised by construction, but are to be considered as annulled.

The formalities necessary to the due execution of a will depend wholly upon statutory regulations; and as the present statute does not require the attestation to be in the presence of the testator, I am of opinion it is no longer necessary. Sufficient guards against fraud yet remain to protect the testator from imposition, and to identify the instrument declared to be his will. It is not the duty of the court to superadd others which the legislature has deemed no longer necessary.

The question of costs rested in the sound discretion of the surrogate; and it is one with which this court will not interfere. Such has been the uniform decision of this court, in cases like the present.

The decree of the surrogate is affirmed with costs.

