## JONES *vs.* UNDERWOOD and others.

In order to prove the execution of an attested instrument, the subscribing witness must be called, if he can be produced, and is capable of being examined.

The reasons for this rule, stated by CLERKE, J.

The testimony of the party executing the instrument cannot be received, as a substitute for that of the subscribing witness.

The change in the law, which allows parties to be witnesses, does not alter the rule, or afford any rule for dispensing with its observance.

APPEAL, by the defendants, from an order made at a special term denying a motion for a new trial. The action was brought upon an agreement made between the defendants and one John Cockle, by which the former agreed that, in case the latter would procure for the defendants the agency for the sale of certain rail road bonds, they would pay Cockle one third of their commissions upon the sale. It appeared in evidence that, through the efforts of Cockle, the defendants were appointed agents to sell the bonds, and sold the same; their commissions upon which sales amounted to $7725. That the defendants afterwards paid to Cockle one third of the commissions received by them upon the first sales. That the defendants had been paid in full the amount of their commissions, but had not paid Cockle his share of the commissions upon the subsequent sales. The plaintiff

sued upon the contract as assignee of John Cockle. Cockle was introduced as a witness on the part of the plaintiff. Being shown a paper, the witness said the signature of the party subscribed thereto was the signature of him, the witness. The counsel for the plaintiff then offered the same in evidence. The counsel for the defendants objected that the subscribing witness should be called, but the objection was overruled, and the defendants excepted, and the same was read in evidence. The paper was an assignment to the plaintiff, by Cockle, of his claim against the defendants under the contract before mentioned, relative to commissions on the sale of the rail road bonds, and of all demands. It was under seal, expressed a consideration of $500, and was witnessed by E. C. Humbert. This is the only point in the case which it is necessary to mention. The jury found a verdict in favor of the plaintiff. Humbert was not produced as a witness, nor his absence accounted for.

*William Bliss,* for the appellants.

*R. E. Mount, jr.,* for the respondent.

CLERKE, J. The assignment being a component and essential part of the plaintiff's right to maintain this action, if its execution was not legally proved, this verdict cannot be sustained.

The elementary principle is, that the execution of every attested instrument, whether under seal or not, must be proved by the subscribing witness, if he can be produced, and is capable of being examined. The reason is, that he may be able to state the time of the execution, and the circumstances attending it, which may be unknown to others; and the party, interested in defeating the instrument, is entitled to avail himself of all the knowledge of the subscribing witness, relative to the transaction. The rule is stated by Phillipps to be

precisely the same, whether the acknowledgment is offered as evidence against the party himself, who made it, or against a third person, or whether it is the foundation of the action, or comes in collaterally, as part of the evidence in the case. Another reason of the rule is, that the witnesses, who subcribe at the time, are agreed upon by the parties to be the only witnesses to prove the execution. *McPherson* v. *Rathbone*, (11 *Wend.* 96,) is one of the most recent cases in which this rule is recognized ; although Savage, Ch. J., seems to restrict it to sealed instruments. His words are, "Where a *sealed* instrument is attested by a subscribing witness, the testimony of such witness is the best evidence of its execution ; the rule of the common law being relaxed in New York as to some instruments not under seal." The *dicta* of Spencer, J., in *Hall* v. *Phelps*, (2 *John.* 451,) seems to extend the exception to all instruments not under seal ; but the decision is generally considered as applying only to negotiable paper. (*Henry* v. *Bishop*, 2 *Wend.* 576.) There are several *dicta*, also, tending to allow instruments, not the foundation of the action, to be proved by inferior evidence ; but these have never become sufficiently authoritative, to modify the original rule, and have no greater force than the remarks of some judges relative to the admission of parol evidence to prove the *contents* of papers, which do not constitute the foundation of the action, but merely relate to some collateral fact. In neither instance, I believe, has the great principle of the common law, requiring the best evidence of which the case is capable, been in any degree modified.

But, at all events, the rule remains sufficiently effectual to dispose of this case.

The instrument, which was admitted in evidence, was essential to the action; and it was a sealed instrument. It should have been proved by the subscribing witness. If, indeed, his absence had been sufficiently accounted for, as that he was dead, or could not be found after diligent inquiry, or that he

was beyond the process of the court, proof of the handwriting of the subscribing witness could have been substituted.. But nothing of this kind was attempted ; and the execution of the instrument was, therefore, erroneously proved.

It is unnecessary to consider the other questions presented on the argument, as the question I have been considering controls the case. The judgment should be reversed with costs, and a new trial ordered.

INGRAHAM, J. The necessity of calling a subscribing witness to prove the execution of a sealed instrument, has always been conceded, even by those judges who have considered the rule as improvident or unnecessary. In this state it has been relaxed as to promissory notes; but it is still a matter of doubt whether the rule is not retained as to other papers not under seal, even in this state, unless they come in collaterally on the trial of the cause.

The case of *Hallenback* v. *Fleming*, (6 *Hill*, 303,) fully establishes the necessity and propriety of calling the subscribing witness, and a large number of cases are referred to in that decision to sustain the principle. The change in the law, which allows parties to be witnesses, does not, in my opinion, alter the rule, or afford any reason for dispensing with it. No man should be compelled to resort to his adversary for evidence, if he can have a witness who is disinterested. In this case the defendant was not present at the execution of the assignment: the only person there who was examined was the assignor ; and it is apparent that he was an adverse witness, having made the assignment, in order to have the action brought by another than himself, He had all the feelings of an adverse party.

I had occasion in the general term of the common pleas to examine this question in reference to the change of the law as to parties being witnesses, and we there held that the witness must still be called. (*Story* v. *Lovett*, 1 *E. D. Smith*, 153.)

In the opinion written by Judge Woodruff, I fully concurred.

DAVIES, P. J., concurred.

Judgment reversed.

