## HUMPHREY BRIGHAM *vs.* CHARLES H. PALMER.

The execution of a witnessed instrument which is offered in evidence by one who is a party to it cannot be proved without calling the attesting witness, if he is living, competent and within reach of the process of the court; and this rule is not altered by the passage of a statute authorizing parties to testify.

If one assumes to sell the property of another and takes in payment a note running to himself, the owner of the property cannot sustain an action for goods sold and delivered against the purchaser.

CONTRACT for a wagon sold and delivered.

At the trial in the superior court, the plaintiff, in support of his title to the wagon, relied on three mortgages of personal property to him from James McKernell, all of which were attested by a witness who was admitted to be in a neighboring town and competent. The defendant objected to proof of the mortgages except by the attesting witness; but *Rockwell,* J. overruled the objection, and allowed the mortgagor to testify to their execution.

The plaintiff introduced evidence tending to show that he

authorized the mortgagor to sell the wagon for him for a sum not less than $75 in cash, or a good note payable to the plaintiff; and that the mortgagor sold it to the defendant, taking in payment an old wagon, five dollars in money, and a note not negotiable and payable to himself for $57.50. Upon this evidence, the defendant asked the judge to rule that the action could not be sustained; but he declined to do so, and instructed the jury that they were authorized to return a verdict for the plaintiff for the amount of the note, which they accordingly did; and the defendant alleged exceptions.

*W. B. Gale*, for the defendant.

*T. H. Sweetser & W. S. Gardner*, for the plaintiff.

HOAR, J. We think the defendant's exceptions upon two points are well taken, and that he is entitled to a new trial.

1. The rule that the execution of an instrument which is offered in evidence by one who is a party to it cannot be proved without calling the attesting witnesses, where they are living competent and within reach of the process of the court, is a fundamental rule of evidence in this commonwealth, long ago established, and strictly adhered to. *Whitaker* v. *Salisbury*, 15 Pick. 534. *Homer* v. *Wallis*, 11 Mass. 309.

In *The King* v. *Harringworth*, 4 M. & S. 354, Lord Ellen borough said that this rule " is as fixed, formal and universal as any that can be stated in a court of justice." In *Abbot* v. *Plumbe*, 1 Doug. 216, Lord Mansfield said that it is a rule which " cannot be dispensed with." In *Barnes* v. *Trompowsky*, 7 T. R. 265, Lord Kenyon said : " We ought not to suffer this point to be called in question ; it is too clear for discussion."

In the courts of New York, the rule has not been treated with much respect, though adhered to in the case of deeds. *Henry* v. *Bishop*, 2 Wend. 575. In that. case, Chief Justice Savage said that he confessed the rule always appeared to be an absurdity ; but that it had been so long adhered to, that it could be changed only by legislative enactment. In *Hall* v. *Phelps*, 2 Johns. 451, which was the case of a promissory note, the court discarded the rule altogether, and Spencer, J. said : " The notion that the persons who attest an instrument are agreed

upon to be the only witnesses to prove it is not conformable to the truth of transactions of this kind, and, to speak with all possible delicacy, is an absurdity." But in *Fox* v. *Reil*, 3 Johns. 477, which was an action upon a bond, this departure from the rule was limited to the case of contracts not under seal; and Chief Justice Kent, in delivering the opinion of the court, says that he concurred in the decision of *Hall* v. *Phelps*, from a sense of the great inconvenience of the English rule when applied to commercial paper, and questions the correctness of the general remarks of Mr. Justice Spencer in that case. He proceeds to show that by the early law of England the witnesses to a deed formed a necessary part of the jury which was to try its validity; that this was dispensed with by the *St.* 12 Edw. II. *c.* 2, which allowed the inquest to be taken without any of the witnesses being associated with the jury; but that they were still to be summoned as usual. "It is agreed," says the statute, "that when a deed, release, acquittance or other writing is denied in the king's court, wherein the witnesses be named, process shall be awarded to cause such witnesses to appear, as before hath been used." In *Shaver* v. *Ehle*, 16 Johns. 201, the case of *Hall* v. *Phelps* is spoken of as relaxing the rule only in respect of negotiable paper.

The best reason for the rule is said by Mr. Greenleaf to be that stated by Mr. Justice Le Blanc in *Call* v. *Dunning*, 4 East, 54, that a fact may be known to the subscribing witness, not within the knowledge or recollection of the obligor, and that he is entitled to avail himself of all the knowledge of the subscribing witness relative to the transaction. 1 Greenl. Ev. § 569. But a reason quite as much relied on seems to have been that stated by Grose, J., in *Barnes* v. *Trompowsky*, that "where there is a subscribing witness, the parties thereby agree that the proof of their handwriting shall be made through that medium." And in *The King* v. *Harringworth*, Lord Ellenborough says: "Inasmuch as they are the plighted witnesses, the knowledge they have upon the subject is essential, and, if it can be procured, must be forthcoming." 4 M. & S. 354.

The counsel for the plaintiff have argued that the reasons for

enforcing the rule have ceased since the passage of the statute which allows parties in a suit to be witnesses. *St.* 1857, *c.* 305. But it was held in *Call* v. *Dunning*, 4 East, 53, that the admission of an obligor in an answer to a bill of discovery, that he executed the bond, did not dispense with the production of an attesting witness. And in *Whyman* v. *Gath*, 20 Eng. Law & Eq. R. 359, and 8 Exch. 803, the precise question whether the English statute, which renders the parties to a suit competent and compellable to give evidence, had altered the rule of law which requires the execution of attested instruments to be proved by the subscribing witnesses, was elaborately argued and considered in the court of exchequer; and the court were unanimous in the opinion that it had not. Baron Parke remarked, when the motion for a rule was made, "The doctrine of law is, that where a deed is executed in the presence of subscribing witnesses, the parties are understood to have made a contract that those witnesses are the persons by whom the execution is to be proved;" and Chief Baron Pollock concludes the opinion of the court by saying: "We think the rule of law in question is so inflexible, clear and universal, that we cannot set it aside by any reasoning, however cogent, arising out of the passing of a statute on the subject of evidence, which, however strongly its provisions may seem to point to such a conclusion, most certainly never had it in contemplation." This decision is entirely in harmony with the views expressed by this court in *Kelly* v. *Cunningham*, 1 Allen, 473 ; and the ruling of the court below upon this point was erroneous.

2. It seems to us very clear that if the plaintiff's property was sold by a person assuming to act for him, but without authority, in an action against the purchaser, if the plaintiff waives the tort, and ratifies the contract, he must ratify it as the agent has made it. Otherwise, he can only sue for the property itself, or in tort, for damages for the unlawful conversion. He cannot ratify a part of the contract made on his behalf, and repudiate the rest.          *Exceptions sustained.*