IN THE MATTER OF THE APPEAL OF LAURA W. SOUTHWORTH, FROM AN ORDINANCE OF THE CITY OF LOCKPORT.

*Appeal from ordinance directing local improvements — questions relating to jurisdiction and regularity only can be raised — Appeal papers — who to furnish — power of court to compel copies of papers to be furnished by officer in charge of them — Statute not revived by repeal of revising statute.*

Where a statute (as §§ 20, 21 of title 9, chapter 365 of 1865) simply authorizes an appeal to be taken from an ordinance directing a local improvement, and the mode in which it is to be prosecuted is not stated, the only questions that can be raised on such appeal are such as relate to the jurisdiction of the common council and the regularity of their proceedings.

In such case, if the statute does not make it the duty of the common council to furnish a return or the papers on the appeal, the general rule requires the appellant to furnish them.

If the officer having charge of the papers necessary to be used on appeal, refuses to furnish copies or allow them to be made, the court has power to compel him to do so.

When a statute is revised, and parts of the former statute omitted from the statute revising it, the parts so omitted cannot be revived by construction.

APPEAL from an order made at Special Term, denying a motion made by appellant for an order :

1st. That an attachment issue against the common council of Lockport "as for a contempt for having refused, neglected or omitted to make a return to the appeal in the above entitled matter, as by law required ; " or,

2d. That said council be required " to make and file a return to said appeal ; " or,

3d. That in default thereof, an attachment issue against said council ; or,

4th. That the ordinance be vacated and annulled.

The charter of the city of Lockport is contained in chapter 365 of the Laws of 1865.

*D. Millar*, for the appellant.

*George C. Greene*, for the respondent.

GILBERT, J. :

The whole effect of sections 20 and 21, title 9 of the charter, is to give an appeal from every ordinance directing any improvement,

and from any local assessment. The mode in which the appeal is to be prosecuted is not specified. In such cases the only questions which can be raised on the appeal, are such as relate to the jurisdiction of the common council and the regularity of their proceedings. (*Embury* v. *Conner*, 3 Comst., 523.) The statute does not make it the duty of the common council to furnish the papers on such appeal. The general rule on this subject requires the appellant to furnish the appeal papers. Such is the uniform practice in street cases, proceedings by railroads to acquire lands, and the like Whenever a statute has allowed an appeal, and required a return to be made of the proceedings appealed from, it has imposed the latter obligation only on payment of the fees therefor. Thus, on appeal from surrogates (2 R. S., 608, § 89), and appeals from justices of the peace. (Code, §§ 354, 360, etc.) It is manifestly just that such expenses should be borne by the appellant. It is his own act, done without the sanction of the court. To allow it to be done at the expense of the other party would encourage frivolous appeals, and might create an intolerable impediment to the transaction of public business, or necessitate an undue increase of clerical force to prepare the returns. When a remedy, by *certiorari*, is pursued, the evil can be guarded against by the judge to whom application for the writ is made. In cases like this, if the officers, having the custody of the papers, improperly refuse to furnish copies on payment of the fees, or to allow copies to be taken, no doubt the court has power to compel the furnishing of such papers, and it would be its duty to exercise it in a proper case. But we think it was not the duty of the respondents to make any return, except upon payment of their fee, or, if none have been fixed by law, upon payment of a reasonable compensation therefor.

We think section 45, of the act of 1846, does not apply to the case. We are inclined to think that it has been superseded by sections 20 and 21 of the charter. It is a well settled rule, that when any statute is revised, and parts of the former statute omitted, the latter cannot be revived by construction. (*Ellis* v. *Paige*, 1 Pick., 45 ; *Lyon* v. *Smith*, 11 Barb., 126.) The saving clause, contained in section 10 of title 9 of the charter, was not intended to preserve the provisions of the act incorporating the village, which relate to the same subjects that have been specifically legislated upon in the

charter. But if this point be doubtful, we think the judge at Special Term was right in holding that the section was limited to appeals from acts specified in the forty-fourth section, and that the proceeding complained of by Mrs. Southworth was not among them.

The court below was therefore clearly right in refusing to punish the respondents for not making the return.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order affirmed, with costs.