ALBANY,
Feb. 1811.

DUNHAM
v.
HEYDEN.

---

## DUNHAM *against* HEYDEN.

IN ERROR, on *certiorari*, from a justice's court. *Heyden* sued *Dunham* before the justice, by summons returnable the 17th *February*, 1810. The plaintiff below declared against the defendant, as bail of one *Whitehead*, who had been taken by *warrant* and brought before a justice, on the 16th *June*, 1809, to answer to the plaintiff; and after issue joined, *Whitehead* prayed for an adjournment, and thereupon *Dunham* became security for his appearance on the 30th *June*, 1809, at which time the plaintiff appeared, but *Whitehead* did not appear, and a judgment was rendered against *Whitehead*. To this declaration *Dunham* pleaded the general issue. *Heyden* prayed for an adjournment of the trial, and made oath that he could not safely proceed to trial for want of a material witness, then absent from the county; and the justice adjourned the trial to the 27th *February*. At that day, the parties being called, *Heyden* answered, but *Dunham*, though present, refused to answer or to proceed in the cause. A witness was then called and examined on the part of the plaintiff, and proved the fact, as stated by *Heyden* in his declaration. *Dunham* then cross-examined the witness, who was the justice who issued the warrant against *Whitehead* and took the security; and

*A justice cannot adjourn the trial of a cause at the instance of the plaintiff, for more than 6 days; but where a justice, at the request of the plaintiff, adjourned a cause for 10 days, and the defendant appeared and examined a witness, it was held to be a waiver of the irregularity. Where a person is brought before a justice on a warrant, and prays for an adjournment, and bail is taken for his appearance at the day, there must be a personal appearance of the party, and not by attorney, otherwise, the bail will be liable for the amount recovered by the plaintiff.*

the witness testified, that *Dunham* appeared on the day appointed, in behalf of *Whitehead*, who was out of the county, and the next day after the trial and judgment against *Whitehead*, *Dunham* offered to deliver him up to the justice, who answered that he had nothing to do with him; neither the plaintiff nor the constable who served the warrant being present, when the offer of surrender was made.

The justice gave judgment against *Dunham*, for 22 dollars and 42 cents, with costs.

*Per Curiam.* The first exception is, that the justice adjourned the cause from the 17th to the 27th of *February*, at the instance and on the oath of the plaintiff below, that he could not safely proceed to trial for the want of a material witness then absent from the county.

The only authority to adjourn, unless at the instance of the defendant, is contained in the 2d section of the act, and such adjournment must not exceed six days. In the present case, however, the defendant below appeared on the day to which the cause was adjourned, and cross-examined the plaintiff's witness; this cured the irregularity of the adjournment. It would be unjust and extraordinary to reverse a judgment after a trial on the merits, by listening to an objection, which the party himself had waived by his voluntary appearance. It is not like the case where the defendant makes oath that he cannot safely proceed to trial for the want of a material witness, and where he is improperly forced to trial, without the testimony to which he is entitled.

The foundation of the demand of the plaintiff below was, that the defendant below had become security for one *Whitehead*, who had been taken on a warrant at the suit of the plaintiff below; it was shown by the record of the justice before whom *Whitehead* had been sued, that the *security* was for the appearance of *Whitehead*, agreeable to the requisition of the statute, and that he

did not appear on the day appointed, personally, but appeared by attorney, and a trial was had and judgment rendered against *Whitehead* for 20 dollars and 97 cents. On the day after the judgment, the defendant below offered to render *Whitehead* to the justice, who refused to have any concern with him.

ALBANY,
Feb. 1811.

PH. INS. Co.
v.
FIQUET.

The question is, what is the effect of an undertaking for the appearance of a defendant on a warrant? Must it be a personal appearance, or may it be by attorney?

We think the appearance mentioned in this section must mean a personal appearance. Where the act gives the process by warrant, it is where either the defendant is without a family or a freehold, or where the plaintiff is a non-resident; and in the latter case, the trial is to be within three days, and the giving security is not required.

The warrant is intended, except in the single case of a non-resident plaintiff, as a means to prevent the escape of the defendant, and as a security for the plaintiff's demand; if, then, the defendant, on whose person the plaintiff has a lien, can appear by attorney, he frustrates the plaintiff's demand.

We have a right to consider the word appearance, in reference to the rights of the plaintiffs, and with a view to give effect to the intention of the legislature, as a personal appearance.

On the whole, the judgment must be affirmed.