NEW YORK,
May. 1812.

WILLOUGHBY
v.
CARLETON.

─────❈ ⊕ ❈─────

## WILLOUGHBY *against* CARLETON.

Where after issue joined, the cause was adjourned, at the request of the defendant, and at his request, a second adjournment was granted, on account of the absence of material witnesses, it was held, that any objection to such adjournment was waived by the plaintiff's appearing at the day and going to trial on the merits.

The decision of *fence viewers,* as to the proportion of fence of each party, is not requisite, if there is no dispute between them; nor are the *fence viewers,* in such case, to settle the costs and expenses of repairing the fence.

*Parol* proof of a written notice to repair is sufficient.

A deed cannot be proved by the grantee, without accounting for the absence of the subscribing witnesses.

IN error, on *certiorari,* from a justice's court.

*Carleton* brought an action against *Willoughby,* for work and labour in putting up a fence, being the division fence between their lands, and the proportion belonging to *Willoughby,* which he had neglected to mend, for more than a month after request. Plea, the general issue, and set-off. The justice adjourned the cause, at the request of the defendant, to the 1st *January,* when the parties appeared; and the plaintiff requested an adjournment, on account of the non-attendance of a witness who had been subpœnaed. The defendant objected, but the justice granted the adjournment, on the plaintiff's oath, and giving security. There was a trial by jury. The justice ruled that it was not necessary for *Carleton* to show, that the proportions of the fence to each party had been settled by *fence viewers,* because it did not appear that any dispute had arisen. He also decided, that it was not requisite that the costs and expenses of the fence should be settled by the *fence viewers,* but might be proved by witnesses. The justice

also admitted *parol* proof of a written request given to the defend- NEWYORK, ant for a month, to mend the fence, though no notice had been May, 1812. given to produce the writing. The defendant, *Willoughby*, of- WILLOUGHBY fered to prove that he had sold the land adjoining the land of the v. plaintiff, at the time of the notice, and produced the deed, and the CARLETON, grantee, to prove it; but the justice ruled that the subscribing witness was necessary, and the evidence offered was rejected. The jury found a verdict for the plaintiff, for 7 dollars, on which the justice gave judgment.

*Per Curiam.* There is no well founded objection to the judg- ment below. 1. Whatever objection there might have been to the second adjournment, on the strict construction of the act, the granting it was reasonable and just, under the circumstances of the case,* and the objection was waived by the appearance of the * See *Powers* defendant, afterwards, on the day of adjournment and going to v. *Lockwood,* *ante,* p. 133. trial on the merits. This cured the irregularity, according to the case of *Dunham* v. *Heyden.* (7 *Johns. Rep.* 381.)

2. The justice was correct in ruling that a decision of the fence viewers, as to each party's proportion of the fence, was not requi- site, if no dispute existed as to the proportions; nor were the costs and expenses of repairing the fence to be settled, in this case, by the fence viewers.

3. The admission of parol proof of the written notice to the defendant to repair, was also correct. *Tower* v. *Wilson,* (3 *Caines' Rep.* 174.)

4. The defendant was not entitled to prove his deed by the grantee, without accounting for the absence of the subscribing wit- nesses. The grantee had the strongest interest in the question to be put; and it showed the danger of departing from the general rule, as to the proof of deeds.

Judgment affirmed.