SARLES *against* HYATT and LAMBERT.

On certiorari to a Justice's Court. *Hyatt & Lambert* sued *Sarles*, in the Court below. The plaintiffs declared in *assumpsit*—the defendant pleaded the general issue, and gave notice of the set off, which he afterwards proved upon the trial, at which the plaintiffs did not attempt to prove any demand. But the defendant proceeded, as if a demand had been establishad against him, and claimed a set off upon the following instrument in writing, executed by the plaintiffs :

*James Sarles*
v.
*John Lambert &*
*William Baker.*  We, *John Lambert* and *Nathaniel Hyatt*, do hereby become bound, that the said defendants shall appear, stand trial, and pay the judgment which may be found against the said defendants, or render their bodies in execution, as the law directs."

The suit, as entitled in the written security, was commenced before *David Olmstead*, Esq. a Justice, and the writing was executed *May* 18*th*, 1819, as security for an adjournment of the suit, upon oath, under the 5th section of the 25 dollar act. (1 *R. L.* 389.) And at the adjourned day, the parties appeared, and judgment was given for *Sarles*, for $14, damages and costs. These facts were proved by the Justice, *Olmstead*, who produced and swore to his minutes. It also appeared that execution was issued upon the judgment,

The security for an adjournment, under the 5th section of the 25 dollar act, is not satisfied by the mere appearance of the defendant, at the adjourned day, but the debt must be paid, or the body rendered in execution ; Whereas, appearance, alone, satisfies the terms of the security, under the 4th section.

The party may reverse his own judgment, where injustice is done to him.

UTICA,
August, 1823.

SARLES
v.
HYATT.

and returned that neither property nor the bodies of the defendants could be found. Verdict and judgment for the defendant, for 6 cents and costs.

*Voris*, for the plaintiff in error.

*A. Ward*, contra.

*Curia.* Though the judgment below was in favour of *Sarles*, yet, if injustice has been done to him, he may reverse it by certiorari. (*Bissell* v. *Marshall*, 6 *John. Rep.* 100.)

The jury appear to have supposed, that the undertaking of the defendants in error was satisfied by the appearance of *Lambert & Baker* on the adjourned day. In this they erred. The adjournment was under the 5th, not the 4th section of the act ; and the security is in strict conformity to the requirements of the 5th section. It is, *to appear and pay the judgment,* or *render their bodies in execution.* The condition is not satisfied by *appearance* only, unaccompanied with *payment.* Neither *payment* having been made, nor the *bodies of the defendants rendered* in execution, *Sarles* was entitled to recover the amount of that judgment from the sureties, and the jury should have found for him to that amount.

The security required by the 4th section of the act, in order to obtain an adjournment, is, *to appear,* and, *in default of appearance, to pay the debt, &c.* In that case, *appearance alone* discharges the surety. That is the section to which *Dunham* v. *Heyden,* (7 *John.* 381) relates.

Judgment reversed.