By the Court, Bronson, J.
The authority to appear by attorney in justices’ courts, when not admitted by the opposite party, must in all cases be proved, either by the attorney himself or by other competent testimony. (2 R. S. 233, § 45.) If an attorney may delegate his authority, there was no proof on the return day of the summons that Worcester had himself been employed.(a) The examination of Worcester on oath before the hour had arrived or the defendant had appeared, was extrajudicial, and in judgment of law proved nothing. A justice cannot act upon information which he has received out of court in relation to the appointment of an attorney, even though the information come from the party for whom the attorney appears. (Beaver v. Van Every, 2 Cowen, 429.) The defen *430 dant took the objection that Gould had no right to appear for the plaintiff, and it was never waived. The justice told the defendant what had been done out of court, and added, he was satisfied that Gould was duly authorized to appear for the plaintiff: This amounted to a decision of the question, and it was not necessary for the defendant to repeat his objection after it had been overruled. It is evident, however, that he did persist in it; for, on being again asked if he wished to plead, he declined, as he had at the first. The adjournment, which seems to have been granted on Gould’s motion, was without authority. And besides, if both parties did appear, issue should have been joined before granting an adjournment. (2 R. S. 233, § 47.) The adjournment was irregular, and the cause was out of court. (Kimball v. Mack, 10 Wend. 497.)
The irregularity would have been waived, if the defendant had appeared at the adjourned day and gone to trial. (Tifft v. Culver, 3 Hill, 180.) But although he was present and an swered to his name when called, he again declined to plead, and told the justice that ££ he should not appear nor plead in the suit;” and he took no part in what followed. There can be no waiver of such an irregularity, unless the party afterwards pleads, asks an adjournment, cross-examines the'plaintiff’s witness, (7 John. 381,) or in some other way litigates the cause. Merely being present to watch the progress of an irregular proceeding, or saying “ here” when his name is called, is not enough.
Judgment reversed.

 Quere, however, whether the attorney’s authority can be delegated unless the power of delegation be expressly given. As to the general rule on this subject, see Com. Dig. tit. “Attorney” (C 3;) Story On Agency, 14, and, the cases there cited; 2 Kent’s Comm. 632; Commercial Bank of Lake Erie v. Norton, (1 Hill, 501, 505, 6.)