## King and others *vs.* Smith

Where the execution of a contract sued on, is put in issue by the answer, the subscribing witness, if there be one, should be called to prove it; or proof should be given that he cannot be produced, or that he is incapable of being examined. This rule is applicable although the contract is not under seal.

If there is a subscribing witness to the contract, the execution cannot be proved by a party to the contract, who has assigned it to the plaintiff.

Where the plaintiff claims to recover upon a written contract in a certain form, and the defendant denies that contract, but sets up one differing slightly from it, it is incumbent upon the plaintiff to prove the execution of the contract sued on, by competent evidence. If there is a subscribing witness, who can be called, the execution cannot be proved by one of the parties who signed the contract, on the ground that no question of the execution of papers is involved, but merely a question whether a word has been inserted in the contract since its execution.

THIS was an appeal by the defendants from a judgment entered upon the report of a referee. The facts necessary to an understanding of the decision are sufficiently detailed in the opinion of the court.

*Beach & Smith*, for the appellant.

*M. I. Townsend*, for the respondents.

*By the Court*, PARKER, P. J. It was alleged in the complaint that a certain contract was entered into on the 27th of December, 1847, between Dusenbury and Brockway, as set forth at length in the complaint. The contract purported to be signed and sealed by both and witnessed by Lucy Gould. The defendant admitted in his answer that a contract in writing was made between said Dusenbury and Brockway, on the 27th of December, 1847, but denied that a true copy of the contract was set forth in the complaint, and averred that a true copy was annexed to the answer. It was also alleged in the complaint, that on the 30th of March, 1848, an article of agreement was executed in writing between Brockway and the defendant, which was also set forth in the complaint and purported to be signed by Brockway and the defendant and witnessed by J. S. Wil-

liams. As to this last contract the defendant, in his answer, said he admitted that he and Brockway did make a contract in writing on the subject alleged, but that he had no knowledge sufficient to form a belief whether the plaintiffs had set forth a true copy of that contract in the complaint. Both contracts were thus put in issue, and it was incumbent upon the plaintiffs to prove their execution, in the usual manner.

At the trial the plaintiff's counsel produced the two contracts, and offered to prove their execution, by Brockway, who had assigned them to the plaintiffs. It was admitted that the execution of each was attested by a subscribing witness. The defendant objected to proving the execution of the contracts by Brockway, on the ground that the subscribing witnesses should be called for that purpose. The referee overruled the objection, and the defendant's counsel excepted. The execution of the contracts was then proved by Brockway, and the contracts were read in evidence.

This decision was clearly erroneous. The subscribing witness to each contract should be called to prove it, or proof should have been given that he could not be produced, or was incapable of being examined. (1 *Phil. Ev.* 464.) That rule was applicable to both contracts, though the last was not under seal. (1 *Phil. Ev.* 465. 2 *Cowen & Hill's Notes,* 1261, 1263. 1 *Greenl. Ev.* § 568.) If the attesting witness was dead, or blind, or had become incompetent to testify, or was beyond the jurisdiction of the court, or could not be found after diligent inquiry, then his handwriting should have been proved. (1 *Phil Ev.* 473. 2 *Cowen & Hill's Notes,* 1293. *McPherson* v. *Rathbone,* 11 *Wend.* 96.) In *Willoughby* v. *Carleton,* (9 *John.* 136,) it was held that a deed could not be proved by the grantee, without accounting for the absence of the subscribing witness.

But I do not understand the counsel for the plaintiffs as controverting this general rule of evidence. He claims, rather, in avoidance of it, that no question of the execution of papers was involved, but a question whether a word had been inserted in the contract after its execution. I cannot concur in this view of the case. The plaintiffs claimed a contract in a certain form.

King *v.* Smith.

The defendant denied that contract, but set up one differing a little from it. The defendant regarded that difference as material, or he would have admitted the contract in the form alleged. It was therefore incumbent on the plaintiffs to prove their contract, by competent evidence, and the only question presented was by what evidence the plaintiffs might prove a controverted contract, when there was a subscribing witness.

In regard to the second contract, there is still less reason for the position of the defendant's counsel, for the answer amounted to a legal denial of the contract, (*Van Santvoord's Pl.* 433,) without setting out any other as the true contract.

With the view we entertain on this question of evidence, it will be unnecessary to examine the other questions raised on the argument. We regret the necessity of setting aside the judgment for the admission of improper evidence, to prove facts that could probably have been readily established by competent proof: but we are not at liberty to overlook or disregard a plain and well established rule of law, even for the purpose of attaining what may be seeming justice between the parties. It is only by a faithful adherence to rules of law, that justice can be equally and impartially administered. There can be but one legal standard by which the rights of all are to be measured.

The judgment entered on the report of the referee must be set aside, and a new trial awarded.

[ALBANY GENERAL TERM, December 3, 1855. *Parker, Wright* and *Watson,* Justices.]