SEYMOUR *vs.* BRADFIELD and ROBERTS.

Where a justice erroneously holds a cause open until the return day of an attachment issued against a witness, the error will be cured by the appearance of the parties, and going to trial on the merits, on the return day.

Notice, under section 399 of the code, of the examination of the assignor of a chose in action or contract as a witness on the part of the assignee, is not necessary where the other party to the chose or contract is the party to the action against whom he is to be examined.

It is a matter of discretion with a justice of the peace whether he will sustain or overrule objections to questions put to witnesses on the ground that they are leading ; and his decision of that question will not be a ground for reversing his judgment, on appeal; unless it is plain that the justice has abused his discretion.

APPEAL from a judgment of the Cayuga county court, affirming the judgment of a justice of the peace.

*F. M. King,* for the appellants.

*S. Giles,* for the respondent.

*By the Court,* WELLES, J. The action before the justice was brought by the plaintiff, as assignee of one Harlow Williams, to recover pay for boating a load of wheat for the defendants from Oswego to Port Byron. The boating of the

wheat was done by Williams and one Davie. Davie assign-
ed his interest in the claim by parol to Williams, who assigned
it to the plaintiff. The summons before the justice was re-
turnable on the 7th of April, 1857. On that day the parties
appeared and joined issue. The trial was adjourned to the
17th day of April, at which time the parties again appeared
before the justice, when a witness was examined by consent,
and the cause further adjourned without objection to the 26th
day of May. On the last mentioned day the parties appear-
ed, and the plaintiff, by his attorney, moved for an attach-
ment against one Campbell. This motion was founded on
an affidavit sworn to by the said Williams, showing that
Campbell was a material witness, and that without his tes-
timony the plaintiff could not safely proceed to trial; that
the witness was not in attendance in obedience to a subpœna
duly served on him, and that he was going east and was
expected back in the course of ten days. The justice there-
upon granted an attachment for the defaulting witness, re-
turnable on the 13th day of June following. The return
then states as follows: "June 13th, parties appeared; de-
fendants' counsel moved that suit be discontinued, on the
ground that the suit was improperly held open for return of
attachment; overruled." The trial then proceeded upon the
merits, witnesses were called on both sides and examined
and cross-examined by the parties respectively, and on the
17th day of June the justice rendered judgment in favor of
the plaintiff, for $69.21 damages and $4.41 costs.

Whatever error there might have been in the last adjourn-
ment or holding open of the cause, whichever it may be call-
ed, was cured by the appearance of the defendants and going
to trial upon the merits, on the 13th of June. (*Dunham* v.
*Heyden,* 7 *John.* 381. *Willoughby* v. *Carleton,* 9 *id.* 136.)

On the trial, Williams, the assignor of the demand in
action, was called by the plaintiff and examined as a witness
upon the merits. No previous notice that he would be ex-
amined as such witness had been given to the defendants,

and his competency was, on that ground, objected to in due time. This objection was not tenable; no notice in such case was necessary. (*Code*, § 399. *Vassear* v. *Livingston*, 3 *Kern*. 248, *per Denio, J. Bidwell* v. *The Astor Mutual Ins. Co.*, 16 *N. Y. Rep*. 263.)

There were, in the course of the trial, several objections to questions put to witnesses, on the ground that they were leading, which objections were overruled. Some of these questions may have been strictly leading in form, but it was a matter of discretion with the justice whether to sustain these or not. This has often been held in respect to objections to questions to witnesses on that ground; and the court upon review never reverses a judgment on that ground, unless it is plain that the court has abused its discretion. We do not perceive any reason to suspect any such abuse in this case. Upon the merits, there is no error, that we are at liberty to notice. The only objection that can be made to the judgment, on the merits, is that the wheat, for carrying which the action was brought, was not all delivered to the defendants by Williams. The shipping bill stated the quantity at 2700 bushels, and the defendants contend that only 2664, which would be 36 bushels less than what the shipping bill admits, was delivered. The evidence does not show that any part of the wheat received by Williams and Davie was abstracted in any way. I think it makes out a fair case, showing that he delivered all that he received, although it is possible that some of it might have been stolen or embezzled. Assuming that the justice found that he had delivered to the defendants all that he received from the consignor, which the evidence would well warrant, then the question would be at which end of the route the mistake in the quantity was made. On that question it seems to me that the defendant Roberts, who was a witness, and who testified he weighed the wheat at Port Byron on its arrival there, was as likely to make a mistake as any one else, when the return shows he testified that

he made it 2664 bushels, and *that there was* 44 *bushels less than* 2700. These were all questions of ·fact, which have been decided by the proper forum, and we think rightly.

The judgment of the county court should therefore be affirmed.

[Monroe General Term, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]