For these reasons I think the motion must be granted.

Motion granted.

---

In the Matter of the Application of RICHARD J. PUGH to Lay Out a Highway in the Town of Paris and Assess the Damages Therefor.

(County Court, Oneida County, December, 1897.)

1. Highway Law — Award.

Where commissioners, appointed to lay out a highway, view the premises, under direction of section 81 of the Highway Law, their own judgment enters into the amount of the award made for damages and this will not be set aside as against the evidence.

2. Same — Defects in proceedings, when not available.

The objection that a petition and notice, in such a proceeding, are insufficient, should be raised by a motion to set aside the order appointing the commissioners and should not be presented, in the first instance, after the merits have been litigated.

3. Same — Rules of evidence.

Proceedings, had before such commissioners, need not be governed by the technical rules of evidence which prevail in a court of record.

4. Same — Valuation of owner, based on a future use.

Commissioners are not bound to adopt a valuation which an owner puts upon his property, he having in a view a special use to which he means to apply his property at some future time.

. County Court, Oneida County, December, 1897. [Vol. 22.

MOTION made in behalf of David J. Davis to vacate and set aside the decision of commissioners made in the above-entitled matter in favor of laying out the proposed highway and awarding damages. The proceeding · was commenced, pursuant to the Highway Law, in the summer of 1896. Albert T. Wilkinson, Julius A. Day and Albert P. Seaton were appointed commissioners. The commissioners personally viewed the premises and took a large amount of evidence. The decision was filed in July, 1897.

Wm. A. Matteson, for contestant and motion.

L. D. Edwards, opposed.

DUNMORE, J. The evidence taken in this matter clearly sustains the finding of the commissioners as to the necessity of the highway in question and as to the amount of damages awarded. The statute (Highway Law, § 81) makes it the duty of the commissioners to personally examine the highway described in the application and, therefore, doubtless contemplates that the amount of damages to be assessed shall be determined at least in part by their own judgment.

In Matter of N. Y., W. S. & B. R. R. Co., 37 Hun, 317, the court said: "The commissioners viewed the premises and had means for making up their judgment not possessed by this court, and which could not be returned to us."

It was held in Crouch v. Gutmann, 134 N. Y. 45 (p. 55), that where by stipulation of the parties a referee was given an opportunity of viewing the premises and making personal inspection of the work and he availed himself of such opportunity, that his decision could not be set aside as against the evidence.

I do not think the point that the commissioners had no jurisdiction is well taken. There was a substantial compliance with the statute, and besides, if the petition and notice were insufficient, that point should have been raised by motion to set the order appointing commissioners aside. It would be a great waste of time, and, therefore, I think, poor practice to permit a party after objection to the jurisdiction of the court to litigate upon the merits the question involved, and then, if defeated, avail himself of such objection to defeat the decision, when the whole question could have been raised by a motion and the trial avoided. Willoughby v. Carleton, 9 Johns. 136; Seymour v. Bradfield, 35 Barb. 49; Dunham v.

Heyden, 7 Johns. 381; Tifft v. Culver, 3 Hill, 180; Fanning v. Trowbridge, 5 Hill, 428.

I agree with contestant's counsel that several erroneous rulings were made by the commissioners during the progress of the trial. I do not, however, think that the statute contemplates that commissioners appointed in proceedings to lay out highways shall be governed by the technical rules of evidence applied in courts of record. The statute contemplates the appointment of commissioners who have a practical knowledge of the value of lands proposed to be taken and the damages caused thereto, rather than a practical knowledge of the rules of evidence.

In Matter of N. Y., W. S. & B. R. R. Co., 37 Hun, at page 318, the General Term of this department defined the rule as follows: "Courts will not disturb appraisal of damages for technical errors in the admission or rejection of evidence, unless it is apparent that such errors led to unjust results. The awards will be sustained unless the commissioners have clearly gone astray and disregarded legal principles."

I cannot say upon this record that those rulings led to unjust results. It was urged upon the part of contestant that he had for some years contemplated erecting a building upon this land, and that it was valuable for building purposes. The commissioners had the right to take the property as it was and consider the uses previously made and those that were apparent. They were not bound to take a value put upon it by contestant for a special use which he testifies that he contemplates making of the property.

The contestant's counsel lays great stress upon the fact that evidence of the cost of fencing was excluded. Section 122 of the Highway Law provides: " Whenever a highway or private road shall be laid along the division line between lands of two or more persons, and wholly upon one side of the line, and the land upon both sides is cultivated or improved, the persons owning or occupying the lands adjoining such highway or road, shall be paid for building and maintaining such additional fence as they may be required to build or maintain, by reason of the laying out and opening such highway or road." The above statute is to be taken in connection with the statute requiring adjacent owners of land to maintain division fences, but has no application to lands adjoining railroads, as the latter are required to maintain all the fences along their line.

An adjacent owner is not *required* to maintain any fence along the highway. The contestant would not, therefore, be *required* to maintain any additional fences. He might find it to his advantage to do so, and, I think, it would have been entirely proper to have received the evidence in that view, but it would not have been proper to have received it upon the theory that he would be *required* to maintain a fence along the highway; nor can I say that the commissioners did not fully consider that item in fixing the amount of damages. The commissioners were practical men of high character. I am satisfied upon this evidence that the proposed highway was necessary, and the contestant awarded all the damages he was entitled to. The commissioners did substantial justice between the parties, and the amount involved is too small to warrant the expense of another trial. The decision of the commissioners should, therefore, be confirmed.

Ordered accordingly.