PEOPLE ex rel. JONES, Respondent, v. DIEHL et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 28, 1899.) Proceedings by the people, on the relation of George T. Jones, against Conrad Diehl and others, constituting the board of police of the city of Buffalo, N. Y.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied. Held, there is no statutory provision requiring an official or board of officers to verify a return to a certiorari. Presumptively their return is an official act, and therefore the certificate is sufficient.

PEOPLE ex rel. KINNEY, Appellant, v. KING, Respondent. (Supreme Court, Appellate Division, Fourth Department. December 6, 1899.) Proceedings by the people, on the relation of Catharine Kinney, against Thomas S. King, police justice of the city of Buffalo. No opinion. Order affirmed, on the merits, without costs to either party.

PEOPLE ex rel. LAMBERT, Appellant, v. BOARD OF TRUSTEES OF VILLAGE OF ST. JOHNSVILLE et al., Respondents. (Supreme Court, Appellate Division, Third Department. December 6, 1899.) Proceedings by the people, on the relation of Charles W. Lambert, against the board of trustees of the village of St. Johnsville, N. Y., and others. No opinion. Judgment and order affirmed, with costs.

PEOPLE ex rel. SACHS, Appellant, v. YORK et al., Respondents. (Supreme Court, Appellate Division, First Department. December 8, 1899.) Proceedings by the people, on the relation of John J. Sachs, against Bernard J. York and others. A. G. Cropsey, for appellant. T. Farley, for respondents. No opinion. Writ dismissed, with costs.

PEOPLE ex rel. WARD v. DRAKE et al. (Supreme Court, Appellate Division, Fourth Department. November 22, 1899.) Proceedings by the people, on the relation of Francis G. Ward, against Marcus M. Drake and others. No opinion. Motion granted, and amendment ordered with the clerk. See 60 N. Y. Supp. 309.

PEOPLE ex rel. WEISE v. SCANNELL. (Supreme Court, Appellate Division, First Department. November 17, 1899.) Proceedings by the people, on the relation of William H. Weise, against John J. Scannell, fire commissioner. J. Green, for appellant. T. Farley, for respondent. No opinion. Writ quashed, and proceedings confirmed, with costs.

PETRIE, Respondent, v. NATIONAL BANK & LOAN CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 6, 1899.) Action by Moses Petrie against the National Bank & Loan Company. No opinion. Judgment and order affirmed, with costs.

In re PIERCE. (Supreme Court, Appellate Division, Second Department. November 28, 1899.) In the matter of the application of True P. Pierce for admission to the bar. No opinion. Application granted.

PIERCY, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. December 28, 1899.) Action by Albert J. Piercy against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reargument ordered. Henry A. Robinson, for appellant. Oliver C. Semple, for respondent.

PER CURIAM. Reargument ordered.
LEVENTRITT, J., takes no part.

PIKE, Respondent, v. VILLAGE OF FT. EDWARD, Appellant. (Supreme Court, Appellate Division, Third Department. November 21, 1899.) Action by Erastus Pike against the village of Ft. Edward. No opinion. Judgment and order affirmed, with costs.

PLACE, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Third Department. November 21, 1899.) Action by Gertrude E. Place against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs. All concur, except MERWIN, J., dissenting, and PUTNAM, J., not acting.

PRINCE v. SOCIALISTIC CO-OP. PUB. CO. (City Court of New York, General Term. November 16, 1899.) Action by Samuel Prince against the Socialistic Co-operative Publishing Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed. Simon Sultan, for appellant. Morris Cukor, for respondent.

FITZSIMONS, C. J. The action is for libel in publishing in the defendant's newspaper an article reflecting upon the plaintiff in the line of his calling, and which is libelous per se. Davey v. Davey, 22 Misc. Rep. 668, 50 N. Y. Supp. 161. The defendant admitted the publication, and pleaded facts in mitigation of damages. Upon the trial, the jury awarded the plaintiff $500. We find no error in the rulings, and, as the damages were largely in the discretion of the jury (Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409), and the amount awarded is not excessive, the judgment and order appealed from must be affirmed, with costs.

McCARTHY, J., concurs.

PROUTY, Respondent, v. TROY CITY RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 21, 1899.) Action by Surls Prouty against the Troy City Railway Company. No opinion. Judgment and order affirmed, with costs. All concur, except HERRICK and PUTNAM, JJ., who dissent.

In re PUGH. (Supreme Court, Appellate Division, Fourth Department. December 29, 1899.) In the matter of the application of Richard J. Pugh to lay out a highway.

PER CURIAM. Order reversed, with costs, and proceedings dismissed, with costs. Held, first,

that the commissioners appointed by the order of the county court did not have jurisdiction of the subject-matter, because of the failure of the petitioner to allege or state facts in his application to the highway commissioner showing that he was assessable for highway labor in the town in which it is proposed to lay out the new highway; second, because the petition to the county court fails to show that the petitioner was assessable for highway labor in said town, and that the land to be taken for the proposed new highway was not dedicated to the town for highway purposes, or released by the owner or owners as provided in the act; third, because the notice served upon the appellant fails properly to describe the proposed new road, in accordance with the requirements of the statute; fourth, that the commissioners committed error in the exclusion and admission of evidence relating to the damages which would be sustained by the appellant by reason of the construction of the proposed new road. See 49 N. Y. Supp. 398.

QUINN, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. December 12, 1899.) Action by Edward J. Quinn, an infant, etc., by Edward Quinn, his guardian ad litem, against the Brooklyn Heights Railroad Company. No opinion. Judgment of the county court of Kings county unanimously affirmed, with costs.

RAEGENER v. WILLARD. (Supreme Court, Appellate Division, First Department. November 17, 1899.) Action by Louis C. Raegener, as receiver, etc., against Alfred E. Willard. No opinion. Motion denied, with $10 costs. See 60 N. Y. Supp. 478.

RAMSDILL, Respondent, v. SWANICK, Appellant. (Supreme Court, Appellate Division, Third Department. November 21, 1899.) Action by John N. Ramsdill against James F. Swanick. No opinion. Motion denied. See 60 N. Y. Supp. 821.

REID ICE–CREAM CO., Appellant, v. BERNARD'S PHARMACY, Respondent. (Supreme Court, Appellate Division, Second Department. November 28, 1899.) Action by the Reid Ice-Cream Company against Bernard's Pharmacy. No opinion. Order reversed, on argument, with costs.

In re REMINGTON. (Supreme Court, Appellate Division, Fourth Department. May, 1899.) In the matter of the application of Harvey F. Remington, respondent, for an order revoking and canceling liquor tax certificate No. 13,136, granted to George E. Weiland, appellant. No opinion. Order affirmed, with $10 costs and disbursements.

REMSEN, Appellant, v. ONDERDONK, Respondent. (Supreme Court, Appellate Division, Second Department. November 28, 1899.) Action by Rebecca M. Remsen against John H. Onderdonk, as administrator, etc., of Dorothy M. Onderdonk, deceased, etc. No opinion. Order modified, so as to impose, as a condition for granting a new trial, that the defendant, within 20 days, pay the plaintiff the trial fee and disbursements of the trial, to be taxed, and, as modified, affirmed, without costs of this appeal to either party.

RENOUX, Appellant, v. NOUGUS et al., Respondents. (Supreme Court, Appellate Term. December 28, 1899.) Action by Jeanne Renoux against Louise Nougus and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed. H. A. Geney, for appellant. Louis Mathot, for respondent.

FREEDMAN, P. J. This case presents only a sharp conflict of testimony, and in determining such conflict the trial judge found in favor of the defendants. There is nothing disclosed by the record to warrant a reversal of the judgment. Judgment affirmed, with costs. All concur.

RICE, Appellant, v. MILLER, Respondent. (Supreme Court, Appellate Division, Fourth Department. June, 1899.) Action by Herbert P. Rice against Charles F. Miller. No opinion. Judgment affirmed, with costs.

RICHARDSON, Respondent, v. GREAT EASTERN CASUALTY & INDEMNITY CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 6, 1899.) Action by Katherine E. Richardson against the Great Eastern Casualty & Indemnity Company. No opinion. Judgment and order affirmed, with costs.

RIFENBURGH, Respondent, v. CARROLL, Appellant. (Supreme Court, Appellate Division, Third Department. December 12, 1899.) Action by Allen Rifenburgh against Thomas Carroll. No opinion. Order affirmed, with $10 costs and disbursements.

ROBY, Respondent, v. PHYFE et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 19, 1899.) Action by Augusta A. Roby against Alvah E. Phyfe and others. No opinion. Order affirmed, with out costs, on condition that, within 20 days, plaintiff cause to be procured a release of the appellant Phyfe from liability on the judgment for deficiency, and also on the $1,000 bond and mortgage.

ROCHESTER BILL–POSTING CO., Respondent, v. CITY OF ROCHESTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. June, 1899.) Action by the Rochester Bill-Posting Company against the city of Rochester.

PER CURIAM. Upon the facts found, and the stipulation at the trial, the plaintiff's complaint should have been dismissed, with costs to the plaintiff; and the judgment is, therefore, modified accordingly, and, as thus modified, affirmed, without costs of this appeal to either party.